# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBS AUTOMOTIVE SERVICES; MOC PRODUCTS COMPANY, INC.; ABF TECHNOLOGIES, INC., <br><br> Plaintiffs, <br> vs. <br><br> ILLINOIS TOOL WORKS, INC; CMC INDUSTRIES, INC., <br><br> Defendants. <br>_____ <br> AND RELATED COUNTERCLAIMS | CASE NO. 09-CV-996 JLS (AJB) <br><br> **ORDER: GRANTING DEFENDANT ILLINOIS TOOL WORKS, INC.'S MOTION TO DISMISS** <br><br> (Doc. No. 89) |

Presently before the Court is Defendant Illinois Tool Works, Inc.'s (ITW) motion to dismiss Plaintiff MOC Products Company, Inc. (MOC) for lack of standing. (Doc. No. 89.) Also before the Court are Plaintiffs' opposition and ITW's reply. (Doc. Nos. 95 (Opp'n), 96 (Reply).) Having considered the parties' arguments and the law, the Court **GRANTS** ITW's motion to dismiss.

## BACKGROUND

Plaintiffs EBS Automotive Services (EBS), ABF Technologies, Inc. (ABF), and MOC allege patent infringement by Defendants ITW and CMC Industries, Inc. (*See* Doc. No. 87 (FAC).) Defendants allegedly have infringed and continue to infringe U.S. Patent No. 6,206,055 (the '055 patent), which is jointly owned by EBS and ABF. (*Id.* ¶¶ 9–16.) ITW moves to dismiss MOC,

1  "ABF's exclusive licensee of the '055 Patent" (*id.* ¶ 11), for lack of standing. (*See* Doc. No. 89-1
2  (Mem. ISO MTD).)

## LEGAL STANDARD

Because standing "pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A plaintiff has the burden of establishing the elements required for standing . . . ." *Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996); *see In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) ("The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction."). Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

ITW's challenge to MOC's standing is facial instead of factual because ITW contends that Plaintiffs' allegations are insufficient on their face to establish MOC's standing. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). That is, ITW contends that an exclusive licensee of ABF does not have standing to bring an action for infringement of the '055 patent. (Mem. ISO MTD 9–10.) Accordingly, the Court assumes Plaintiffs' "allegations to be true and draw[s] all reasonable inferences in [Plaintiffs'] favor." *Wolfe*, 392 F.3d at 362.

## ANALYSIS

ITW makes one argument in support of its motion to dismiss: "Without a joint license from both [ABF and EBS], MOC cannot be an exclusive licensee in the '055 Patent for purposes of standing." (Mem. ISO MTD 1.) Plaintiffs, of course, disagree. (Opp'n 6–7.)

Plaintiffs in patent infringement suits fall into three categories for standing purposes: "those that can sue in their own name alone; those that can sue as long as the patent owner is joined in the suit; and those that cannot even participate as a party to an infringement suit." *Morrow v. Microsoft*

1  *Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007).  In the first category are the patentee, 35 U.S.C. § 281;
2  his successors, *id.* § 100(d); and other recipients of "'all substantial rights' to the patent," *Morrow*,
3  499 F.3d at 1340 (quoting *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333,
4  1345 (Fed. Cir. 2001)).  In the second category are "exclusive licensee[s] having fewer than all
5  substantial patent rights," who must join the patentee or assignee in any patent infringement suit.
6  *Intellectual Prop. Dev.*, 248 F.3d at 1347; *accord Morrow* 499 F.3d at 1340.  In the final category are
7  non-exclusive licensees "that hold less than all substantial rights to the patent and lack exclusionary
8  rights under the patent statutes to meet the injury in fact requirement" of Article III.  *Morrow*, 499
9  F.3d at 1340; *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (discussing Article III
10 standing requirements).

11 Plaintiffs do not contend that MOC is a patentee, assignee, or recipient of all substantial rights
12 to the '055 patent.  (*See* Opp'n 6 (arguing that MOC "received a significant portion of the 'sticks'
13 from the 'bundle' that comprise patent ownership" from ABF).)  The question, then, is whether
14 MOC—an exclusive licensee of one joint patent owner—is an exclusive or a non-exclusive licensee
15 for standing purposes.  Although the Court is not aware of any authorities addressing this precise
16 question, it is readily answered by reference to principles underlying the Federal Circuit's standing
17 decisions.

18 "To be an exclusive licensee for standing purposes, a party must have received, not only the
19 right to practice the invention within a given territory, but also the patentee's express or implied
20 promise that others shall be excluded from practicing the invention within that territory as well." *Rite-*
21 *Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1552 (Fed. Cir. 1995) (citing *Indep. Wireless Tel. Co. v. Radio*
22 *Corp. of Am.*, 269 U.S. 459, 468–69 (1926)).  "If the party has not received an express or implied
23 promise of exclusivity under the patent, i.e., the right to exclude others from making, using, or selling
24 the patented invention, the party has a 'bare license' . . . ." *Id.*  "[A] 'bare licensee'—one who enjoys
25 only a nonexclusive license—has no standing to sue for infringement under the Patent Act." *Prima*
26 *Tek III, LLC v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000); *accord Rite-Hite*, 56 F.3d at 1553
27 ("The grant of a bare license . . . , even if it is the only license granted by the patentee, does not
28 provide standing without the grant of a right to exclude others."); *Abbott Labs. v. Diamedix Corp.*, 47

F.3d 1128, 1131 (Fed. Cir. 1995) (same).

Thus, when it comes to whether a plaintiff is an exclusive or a non-exclusive licensee for standing purposes, the Federal Circuit's standing decisions evince a single unifying principle: "[I]t is the licensee's beneficial ownership of a right to prevent others from making, using[,] or selling the patented technology that provides the foundation for co-plaintiff standing . . . ." *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1032 (Fed. Cir. 1995); *accord WiAV Solutions LLC v. Motorola, Inc.*, — F.3d —, 2010 WL 5256801, at *6 (Fed. Cir. Dec. 22, 2010) ("[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury."). If a license does not transfer "some identifiable part of the patentee's bundle of rights to exclude others," then the licensee does not have standing to bring an infringement action. *Ortho Pharm Corp.*, 52 F.3d at 1032.

Under these authorities, MOC's license from ABF does not give MOC standing to assert the '055 patent. As an exclusive licensee of only one joint owner, MOC has no "right to prevent others from making, using, or selling the patented technology." *Id.* That is, MOC cannot preclude ABF's co-owner—EBS—from practicing the '055 patent or licensing it to others. *See* 35 U.S.C. § 262 ("In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States . . . without the consent of and without accounting to the other owners."). Without the right to exclude, MOC lacks standing to bring an action against ITW for infringement of the '055 patent. Thus, the Court holds that an exclusive licensee of one joint patent owner is akin to a bare licensee for standing purposes.[1]

//

//

---

[1] The Court's holding is supported by the Federal Circuit's recent decision in *WiAV Solutions*. 2010 WL 5256801, at *4–9. In *WiAV Solutions*, the defendants argued that "a licensee cannot be an exclusive licensee of a patent if others retain the right to practice the patent." *Id.* at *4. The court disagreed and concluded that standing depends on the scope of the plaintiff's exclusionary rights. *Id.* at *7. For example, the court held that "an exclusive licensee lacks standing to sue a party who has the ability to obtain such a license from another party with the right to grant it." *Id.* Here, ITW has the ability to obtain a license to practice the '055 patent from ABF's co-owner, EBS. *See* 35 U.S.C. § 262; *see also* Doc. No. 89-2 (Arnold Decl.) Ex. C (assignment of '055 patent from Peter C. Hollub to EBS). Accordingly, MOC lacks standing to sue ITW.

**CONCLUSION**

For the reasons stated, ITW's motion to dismiss is **GRANTED**. Further, because amendment of Plaintiffs' complaint cannot confer standing on MOC, *cf. Abraxis Bioscience, Inc. v. Navtina LLC*, — F.3d —, 2010 WL 4455838, at *7 (Fed. Cir. Nov. 9, 2010) (holding that standing requirement cannot be met retroactively), MOC is **DISMISSED** from this action **WITH PREJUDICE**, *see Thinket Ink Info. Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (holding that district court does not abuse its discretion in denying leave to amend if amendment would be futile).

IT IS SO ORDERED.

DATED: January 4, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge